McKinney, J.,
delivered the opinion of the Court.
The complainant, who is a feme, covert, brought this hill, by her next friend, tó have her share of certain slaves, claimed under the will of her deceased father, William Hubbard, settled upon her.
The testator bequeathed the mother of the slaves in question to his widow for life, with remainder to his children. The widow afterwards married one Robert Wells; and, on the 13th of January, 1828, she and her husband, by an instrument executed by both, relinquished * and transferred the life interest in said slaves to certain of the defendants to this bill. In 1841, after the death of her second husband, the widow filed a bill to set aside the relinquishment of her life interest in said slaves. To which bill the complainant and her husband, George Cooley, and all the other persons claiming the remainder interest in said slaves, were made defendants.
Shortly after the filing of said bill, and before putting in an answer to the same, to wit, on the 12th of February, 1841, the complainant and her husband, by an instrument, under seal, sold and transferred all their interest in remainder, in said slaves, to the defendant, *608 ■Samuel Steele. And in their answer to said bill, they state this fact, and say that Steele is the bona fide owner of the same. But it seems this answer was not sworn to by the wife, and therefore it can only be treated as the husband’s answer, and is no estoppel as to the wife. In the progress of said cause, however, •the complainant’s deposition was taken, in which she repeats that she had sold all her right and interest in -said slaves to Steele, and considered that she had no interest in the matter.
The life interest of the widow being at an end, by 'her death, the complainant now claims,, that, as no ■division of said slaves ever took place, the marital right of her husband never attached upon her interest in them; and that as her relinquishment to the defendant, ‘Steele, of said interest, was not binding on her, by reason of coverture, and the want of her privy examination, she is entitled to recover her share of said slaves, and have the same settled upon her by a decree of the Court.
To this measu”e of relief the complainant would be clearly entitled, upon well established principles, but for the estoppel created by her solemn disclaimer on oath, in the before mentioned deposition. From this she can not escape. Coverture confers no privilege or license to commit either fraud or falsehood, under sanction of an oath; nor protection from the consequences. The com-plainanc has offered no explanation of the sworn statement in her deposition, and she must abide by it. On this ground she must be repelled. Hamilton v. Zimmerman, 5 Sneed, 89, 48.
Decree reversed, as to the complainant, Mrs. Cooley.